IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GILL MCMORRIS[1]                                                PLAINTIFF

vs.                          Civil No. 4:13-cv-04024

CAROLYN W. COLVIN                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Gill McMorris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his DIB and SSI applications on April 17, 2008.  (Tr. 13, 231-242).  In his applications, Plaintiff alleges being disabled due to "[d]isc problems in neck, lower back pain, heart

---

[1] Although the Court's docket states Plaintiff's name is "Gil," his medical records and other documents state his name is "Gill."  Thus, the Court will use the "Gill" spelling.

[2] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

problems, arthritis, diabetes, nerve damage in both legs." (Tr. 292). Specifically, Plaintiff alleges these impairments cause him the following limitations:

> I can't walk far, I get out of breath, eyesight is blurry, numbness in legs, I can't even drive any more. I had surgery two weeks ago for a groin injury. They put elastic socks on me and they were too small. I even got bruises from them and I have nerve damage and numbness in right leg and also numbness in left leg. I have a high hernia too close to the heart to operate.

*Id.* Plaintiff originally alleged an onset date of November 20, 2005 but later amended that alleged onset date to July 1, 2008. (Tr. 13, 231, 237). These applications were denied initially and upon reconsideration. (Tr. 105-108).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 178-183). Plaintiff's administrative hearing was held on December 7, 2011 in Texarkana, Arkansas.[3] (Tr. 53-104). Plaintiff was present and was represented by Greg Giles at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Mr. Gartner[4], Medical Expert Dr. Yandell Moore ("ME Moore"), and Medical Expert Dr. Smith[5] ("ME Smith") testified at this hearing. *Id.* During the administrative hearing in this matter, Plaintiff testified he was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 64). Plaintiff also testified he had obtained his GED. *Id.*

On April 27, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications

---

[3] It appears there was a prior hearing in this case on June 26, 2009. (Tr. 33-52). After that hearing and an unfavorable decision by the ALJ, the Appeals Council remanded the case. (Tr. 13). Thus, this second hearing on December 7, 2011 was required.

[4] The transcript does not provide the first name of "Mr. Gartner." (Tr. 53).

[5] The transcript also does not provide the first name of "Dr. Smith." (Tr. 53).

for DIB and SSI. (Tr. 13-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2012. (Tr. 15-16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2008, his amended alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had several "medically determinable impairments": diabetes mellitus with neuropathy, history of heart attack, and history of abscesses. (Tr. 16-21, Finding 3).

The ALJ, however, also determined that these impairments did not significantly limit him in his ability to perform basic work-related activities for twelve consecutive months. (Tr. 21-26, Finding 4). Based upon this finding, the ALJ determined Plaintiff did not suffer from a severe impairment or combination of impairments during the relevant time period. *Id.* Because he determined Plaintiff had not suffered from a severe impairment or combination of impairments during the relevant time period, he also found Plaintiff had not been under a disability as defined in the Act at any time from July 1, 2008 (amended alleged onset date) through April 27, 2012 (date of the ALJ's decision). (Tr. 26, Finding 5).

Thereafter, on May 15, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On January 24, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 26, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 26, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the requirements of Listings 1.02 and 9.08; (2) the ALJ erred in concluding he retained the capacity to perform basic work activity; (3) the ALJ erred in discrediting his doctors' RFC assessments; and (4) the ALJ erred by giving an incomplete hypothetical to the VE. ECF No. 10 at 1-20. Because the Court finds the ALJ erred in finding all of his impairments were non-severe, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-

5

12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges his back problems, heart problems, arthritis, diabetes, and nerve damage in his legs cause him to be unable to work. (Tr. 292). Plaintiff has received treatment since at least his amended alleged onset date for these impairments. (Tr. 383-547, 560-620, 649-715, 724-810, 833-834). More importantly, the findings of SSA's own consultative examiner support Plaintiff's claims. (Tr. 813-821). On February 1, 2012, Dr. Gary P. Nunn, M.D., a doctor of internal medicine, conducted a consultative examination at the direction of the SSA. *Id.* During this examination, Dr. Nunn diagnosed Plaintiff with diabetic peripheral neuropathy, insulin-dependent diabetes, cervical neck pain, and lumbar spine pain. *Id.* As a result of these diagnoses, Dr. Nunn found Plaintiff has lifting limitations, postural (climbing, balancing, and stooping) limitations, and environmental limitations. (Tr. 821). Dr. Nunn also reported these limitations have lasted or will last for twelve consecutive months. *Id.*

Despite this medical documentation, the ALJ still found Plaintiff has no severe impairments. In making this determination, the ALJ entirely disregarded Plaintiff's treatment records and a report from its own consulting physician, Dr. Nunn, who verified Plaintiff suffers from neuropathy, diabetes, neck pain, and back pain which would limit Plaintiff in his ability to work. Accordingly,

6

because these records provide sufficient evidence demonstrating at least one of Plaintiff's impairments satisfy the low or *de minimis* standard for establishing a severe impairment, this case must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE